UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., et al.,<br><br>                      Plaintiffs,<br>    v.<br><br>ARMYCAMO USA, INC., et al.,<br><br>                      Defendants. | CASE NO. C24-0394JLR<br><br>ORDER |

### I.    INTRODUCTION

Before the court is Plaintiffs Amazon.com, Inc., Amazon.com Services LLC (together, "Amazon"), and Crye Precision LLC ("Crye," and together with Amazon, "Plaintiffs") *ex parte* motion for alternative service (1) via email on Defendants Michael Zhang and Qiling Qin (together, the "Individual Defendants"), and (2) via the California Secretary of State on Defendants Armycamo USA, Inc. ("Armycamo"), L&Q Army, Inc. ("L&Q Army"), Paladins Products, Inc. ("Paladins Products"), and Panthera Products, Inc. ("Panthera Products," and together with Army Camo, L&Q Army, and Paladins

ORDER - 1

Products, the "California Entity Defendants"). (Mot. (Dkt. # 14).) None of the named Defendants have appeared in this case. (*See generally* Dkt.) The court has reviewed the motion, the relevant portions of the record, and the governing law. Being fully advised, the court GRANTS Plaintiffs' motion for alternative service.

## II.   BACKGROUND

Amazon and Crye bring trademark and copyright claims against 12 named defendants ("Defendants") and ten Doe defendants for allegedly using eight Amazon selling accounts to sell counterfeit Crye MultiCam-branded packs, bags, and backpacks on the Amazon.com store. (Compl. (Dkt. # 1) ¶¶ 1, 4-8 (describing Crye's products, trademarks, and copyright), 45-56 (describing Defendants' alleged conduct).) Defendants are California and Texas business entities and the individuals who allegedly managed those companies and/or the Amazon selling accounts associated with them. (*Id.* ¶¶ 15-28.) Plaintiffs assert that they have conducted an "extensive investigation" into the Amazon selling accounts that sold counterfeit Crye products. (Commerson Decl. (Dkt. # 15) ¶ 2 (describing the efforts Plaintiffs have made to identify and serve Defendants); *see also id.* ¶ 3 (stating that federal agents seized "multiple tractor trailer loads" of Defendants' counterfeit products from warehouses Texas and California).)

The persons responsible for the Amazon selling accounts at issue provided email addresses to Amazon when they registered their Amazon selling accounts. (Garrett Decl. (Dkt. # 16) ¶¶ 4-5 (listing Defendants' Amazon selling accounts, legal names, and email addresses).) These email addresses are the primary means of communication between Amazon and the individuals operating the selling accounts and are used to do business on

the Amazon.com store. (*Id.* ¶ 5.) Plaintiffs represent that they "recently" emailed the Individual Defendants using their registered email addresses and confirmed that the addresses remain functional. (Commerson Decl. ¶ 17 (stating Plaintiffs did not receive any error notices or bounce-backs when they sent email messages to the Individual Defendants' email addresses).)

Although Defendants provided addresses in the United States when they registered their selling accounts, Plaintiffs' investigation revealed that the individual named Defendants are citizens of China who are now residing in China. (*Id.* ¶ 3; *see also id.* ¶ 4 (describing the relationships between the Amazon selling accounts and the Defendant entities and individuals).) Plaintiffs have identified valid physical addresses in China for four of the six individual Defendants and have started the process of serving these individuals pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"). (*Id.* ¶¶ 5-7.) Plaintiffs have not, however, been able to find valid physical addresses where they can serve the two Individual Defendants who are the subjects of this motion. (*Id.* ¶ 16; *see also id.* ¶¶ 9-15 (describing Plaintiffs' efforts to locate and serve the Individual Defendants in the United States).)

Plaintiffs have identified physical addresses in California and Texas for the business entity Defendants but thus far have been unable to personally serve any of the entities despite diligent efforts to do so. (*See id.* ¶¶ 9-15 (describing these efforts); *id.* ¶ 16 (noting that Plaintiffs have been unable to locate any of the officers or managers of the California Entity Defendants).) Plaintiffs also have been unable to serve the

California Entity Defendants via their designated agents because their agents were not located at the addresses registered with the California Secretary of State. (*Id.* ¶ 19.) In August, Plaintiffs sent requests for waiver of service by mail to the registered agent addresses of the California Entity Defendants but received no response. (*Id.*)

### III.   ANALYSIS

Plaintiffs now seek leave to serve the two Individual Defendants by email and the four California Entity Defendants through the California Secretary of State in accordance with California state law. The court considers each request in turn.

**A.   Service on the Individual Defendants in China**

Federal Rule of Civil Procedure 4(f) governs service of process on individuals in foreign countries. Fed. R. Civ. P. 4(f). Plaintiffs ask the court to authorize service under Rule 4(f)(3), which allows service of process "by other means not prohibited by international agreement, as the court orders." (Mot. at 10-11 (citing Fed. R. Civ. P. 4(f)(3)).) Service under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief'"; rather, "[i]t is merely one means among several which enables service of process on an international defendant." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (quoting *Forum Fin. Grp., LLC v. President & Fellows of Harvard Coll.*, 199 F.R.D. 22, 23 (D. Me. 2001)). "[A] method of service of process must also comport with constitutional notions of due process." *Id.* at 1016. That is, it "must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1016-17

(quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).  The court concludes that Plaintiffs have met both requirements.

First, service of process by email to a defendant in China is allowed under Rule 4(f)(3) because service by email is not prohibited by the Hague Convention or by any other international agreement.  *See Akerson Enters. LLC v. Shenzhen Conglin E-Com. Co.*, No. C24-0506JNW, 2024 WL 3510934, at *3 (W.D. Wash. July 23, 2024) (compiling cases so finding); *see also* Hague Convention, art. 2 (providing that the Hague Convention "shall not apply where the address of the person to be served with the document is not known").

Second, service of process by email on the Individual Defendants comports with due process.  Plaintiffs have identified the email addresses that the Individual Defendants used in their online businesses and verified that the addresses remain functional.  *See Amazon.com, Inc. v. KexleWaterFilters*, No. C22-1120JLR, 2023 WL 3902694, at *2 (W.D. Wash. May 31, 2023) (granting leave to serve defendants by email where plaintiffs "received no error notices or bounce-back messages" after sending test messages to defendants' email addresses).  Furthermore, where, as here, email is the defendants' preferred means of contact in connection with an online business, courts have held that service by email is consistent with due process.  *See, e.g.*, *Bright Sols. for Dyslexia, Inc. v. Lee*, No. 15-cv-01618-JSC, 2017 WL 10398818, at *7 (N.D. Cal. Dec. 20, 2017) (holding that email service is property where the "company has structured its business such that it could only be contacted via its email address"), *report and recommendation adopted*, 2018 WL 4927702 (N.D. Cal. Mar. 26, 2018).

1  In sum, the court grants Plaintiffs' motion for alternative service with respect to
2  the Individual Defendants because Plaintiffs have shown that service by email on those
3  Defendants in China is permitted under Rule 4(f)(3) and comports with due process.

**B.  Service on the California Entity Defendants**

Federal Rule of Civil Procedure 4(h)(1)(A) provides that a plaintiff may serve a corporation located in a judicial district of the United States "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) states that service of process may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the distrct is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under California law, a California corporation may be served via the California Secretary of State pursuant to a court order if the registered agent "cannot with reasonable diligence be found at the address designated for personally delivering the process" and "it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand[.]" Cal. Corp. Code § 1702(a); *see* Cal. Civ. Proc. Code § 416.10(d) (authorizing service on a corporation pursuant to § 1702(a)).

Here, the court is satisfied that Plaintiffs have (1) exercised reasonable diligence in attempting to locate the California Entity Defendants' registered agents and (2) demonstrated that the registered agents cannot be personally served with reasonable diligence. (*See* Commerson Decl. ¶¶ 9-16 (describing Plaintiffs' efforts).) Therefore, the court grants Plaintiffs' request for a court order authorizing them to serve the California

Entity Defendants via the California Secretary of State pursuant to Cal. Corp. Code § 1702(a) and Cal. Civ. Proc. Code § 416.10(d).

### IV.   CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiffs' *ex parte* motion for alternative service (Dkt. # 14).

(1)   The court authorizes Plaintiffs to serve the following Individual Defendants by email:  (a) Qiling Qin at the email address warriorsproduct@outlook.com and (b) Michael Zhang at the email addresses zhangsnet21@gmail.com and lqarmyinc@gmail.com.

(2)   The court finds that Plaintiffs have shown pursuant to Cal. Corp. Code § 1702 that Armycamo USA, Inc., L&Q Army, Inc., Paladins Products, Inc., and Panthera Products, Inc. cannot be personally served with reasonable diligence upon their designated registered agents.  Accordingly, the court authorizes Plaintiffs to serve these Defendants via the California Secretary of State pursuant to Cal. Corp. Code § 1702(a) and Cal. Civ. Proc. Code § 416.10(d).

(3)   Plaintiffs shall file a status report regarding their efforts to serve Defendants within 90 days of entry of this order.  (*See* 10/1/24 Status Report (Dkt. # 17) at 3.)

Dated this 9th day of October, 2024.

JAMES L. ROBART
United States District Judge