1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| AMAZON.COM, INC., et al., | CASE NO. C24-0394JLR |
|---|---|
| Plaintiffs, | ORDER |
| v. | |
| ARMYCAMO USA, INC., et al., | |
| Defendants. | |

**I.    INTRODUCTION**

Before the court is Plaintiffs Amazon.com, Inc., Amazon.com Services LLC (together, "Amazon"), and Crye Precision LLC ("Crye," and together with Amazon, "Plaintiffs") supplemental *ex parte* motion for alternative service via email on Defendants Chenwuquiang Chen ("Chen") and Xixi Zeng ("Zeng").  (Mot. (Dkt. # 32).)  The court has reviewed the motion, the relevant portions of the record, and the governing law.  Being fully advised, the court GRANTS Plaintiffs' motion for alternative service.

ORDER - 1

## II. BACKGROUND

Amazon and Crye bring trademark and copyright claims against 12 named defendants and ten Doe defendants for allegedly using eight Amazon selling accounts to sell counterfeit Crye MultiCam-branded packs, bags, and backpacks on the Amazon.com store. (Compl. (Dkt. # 1) ¶¶ 1, 4-8 (describing Crye's products, trademarks, and copyright), 45-56 (describing Defendants' alleged conduct).) Nearly all of the named defendants have already been served. (5/14/25 Commerson Decl. (Dkt. # 33) ¶ 2; *see generally* Dkt.)

Chen and Zeng are individuals who allegedly sold counterfeit Crye products through the Amazon selling accounts. (10/10/24 Garrett Decl. (Dkt. # 16) ¶ 4.) Plaintiffs assert that they have conducted an "extensive investigation" into the Amazon selling accounts through which Chen and Zeng sold counterfeit Crye products. (5/14/25 Commerson Decl. ¶¶ 2-7 (describing the efforts Plaintiffs have made to identify and serve Chen and Zeng).) Plaintiffs originally attempted to serve Chen and Zeng through the Central Authority in China pursuant to the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), but those service attempts were unsuccessful. (*Id.* ¶ 8; *see also id.*, Exs. B & C (certificates of attempted service).) Plaintiffs have not identified any other valid physical addresses where Chen and Zeng can be served. (*Id.* ¶ 9.)

Chen and Zeng provided email addresses to Amazon when they registered their Amazon selling accounts. (*Id.* ¶ 10; 10/24/24 Garrett Decl. ¶¶ 4-5.) These email addresses are the primary means of communication between Amazon and the individuals

operating the selling accounts and are used to do business on the Amazon.com store. (10/24/24 Garrett Decl. ¶ 5.)  Plaintiffs represent that in late April, they sent test email messages to Chen and Zeng using these registered email addresses and confirmed that the addresses remain functional.  (5/14/25 Commerson Decl. ¶ 10 (stating Plaintiffs did not receive any error notices or bounce-backs when they sent email messages to Chen and Zeng's email addresses).)

### III.    ANALYSIS

Plaintiffs now seek leave to serve Chen and Zeng by email.  Federal Rule of Civil Procedure 4(f) governs service of process on individuals in foreign countries.  Fed. R. Civ. P. 4(f).  Plaintiffs ask the court to authorize service under Rule 4(f)(3), which allows service of process "by other means not prohibited by international agreement, as the court orders."  (Mot. at 10-11 (citing Fed. R. Civ. P. 4(f)(3)).)  Service under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief'"; rather, "[i]t is merely one means among several which enables service of process on an international defendant."  *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (quoting *Forum Fin. Grp., LLC v. President & Fellows of Harvard Coll.*, 199 F.R.D. 22, 23 (D. Me. 2001)).  "[A] method of service of process must also comport with constitutional notions of due process."  *Id.* at 1016.  That is, it "must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"  *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).  The court concludes that Plaintiffs have met both requirements.

1  First, service of process by email to a defendant in China is allowed under Rule 4(f)(3) because service by email is not prohibited by the Hague Convention or by any other international agreement. *See Akerson Enters. LLC v. Shenzhen Conglin E-Com. Co.*, No. C24-0506JNW, 2024 WL 3510934, at *3 (W.D. Wash. July 23, 2024) (compiling cases so finding); *see also* Hague Convention, art. 2 (providing that the Hague Convention "shall not apply where the address of the person to be served with the document is not known").

  Second, service of process by email on Chen and Zeng comports with due process. Plaintiffs have identified the email addresses that Chen and Zeng used when registering their Amazon selling accounts and verified that the addresses remain functional. *See Amazon.com, Inc. v. KexleWaterFilters*, No. C22-1120JLR, 2023 WL 3902694, at *2 (W.D. Wash. May 31, 2023) (granting leave to serve defendants by email where plaintiffs "received no error notices or bounce-back messages" after sending test messages to defendants' email addresses). Furthermore, where, as here, email is the defendants' preferred means of contact in connection with an online business, courts have held that service by email is consistent with due process. *See, e.g.*, *Bright Sols. for Dyslexia, Inc. v. Lee*, No. 15-cv-01618-JSC, 2017 WL 10398818, at *7 (N.D. Cal. Dec. 20, 2017) (holding that email service is property where the "company has structured its business such that it could only be contacted via its email address"), *report and recommendation adopted*, 2018 WL 4927702 (N.D. Cal. Mar. 26, 2018).

//

//

1  Because Plaintiffs have shown that service by email on Chen and Zeng is
2  permitted under Rule 4(f)(3) and comports with due process, the court grants Plaintiffs'
3  motion for alternative service

### IV.    CONCLUSION

5  For the foregoing reasons, the court GRANTS Plaintiffs' *ex parte* motion for
6  alternative service (Dkt. # 33).  The court AUTHORIZES Plaintiffs to serve Defendant
7  Chenwuqiang Chen at the email address 1456396757@qq.com and Defendant Xixi Zeng
8  at the email address zengxixi99@outlook.com.  Plaintiffs shall file a status report
9  regarding their efforts to serve Chen and Zeng within 30 days of entry of this order.

10  Dated this 15th day of May, 2025.

JAMES L. ROBART
United States District Judge