UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., et al., | CASE NO. C24-0394JLR |
| Plaintiffs, | ORDER |
| v. | |
| ARMYCAMO USA, INC., et al., | |
| Defendants. | |

**I.   INTRODUCTION**

Before the court is the parties' April 2, 2026 joint status report, in which the parties present their positions regarding whether the court should lift or extend the temporary stay in this matter.  (4/2/26 JSR (Dkt. # 46).)  The court has reviewed the parties' arguments, the relevant portions of the record, and the governing law.  Being fully advised, the court LIFTS the stay.

//

//

ORDER - 1

## II.   BACKGROUND

Plaintiffs Amazon.com, Inc., Amazon.com Services LLC (together, "Amazon"), and Crye Precision LLC ("Crye," and together with Amazon, "Plaintiffs") initiated this trademark and copyright infringement action on March 22, 2024.  (Compl. (Dkt. # 1).) They bring claims against 12 named defendants and ten Doe defendants (together, "Defendants") for allegedly using eight Amazon selling accounts to sell counterfeit Crye MultiCam-branded packs, bags, and backpacks on the Amazon.com store.  (*Id.* ¶¶ 1, 4-8 (describing Crye's products, trademarks, and copyright), 45-56 (describing Defendants' alleged conduct).)  Six corporate defendants and two individual defendants (the "Appearing Defendants"[1]) have appeared in this action.  (*See generally* Dkt.)

On January 8, 2025, the court (1) temporarily stayed this action at the parties' request in light of an ongoing criminal investigation of the Appearing Defendants by Homeland Security Investigations ("HSI"), (2) entered Plaintiffs' and the Appearing Defendants' stipulated preliminary injunction,[2] and (3) ordered the parties to file a joint status report within 180 days.  (*See generally* 1/8/25 Order.)  On July 8, 2025, the court extended the stay by an additional 90 days and ordered the parties to file a further status report by no later than October 4, 2025.  (7/8/25 Order (Dkt. # 39).)  The parties filed a joint status report on October 3, 2025, in which they reported that HSI's investigation

[1] The Appearing Defendants are Armycamo USA, Inc., L&Q Army, Inc., L&Q Tactical USA, Inc., Paladins Products, Inc., Panthera Products, Inc., X&X Outdoor Product, LLC, Qingyun Qiu, and Penggui Huang.  (*See* 1/8/25 Order (Dkt. # 29) at 3.)

[2] The parties' stipulated preliminary injunction generally enjoins the Appearing Defendants from engaging in conduct that infringes Crye's intellectual property.  (*See* 1/8/25 Order at 6-8.)

ORDER - 2

remained active and asked the court to continue the temporary stay until January 2, 2026. (10/3/25 JSR (Dkt. # 40).)  The court granted that request.  (10/3/25 Order (Dkt. # 41).)

On January 2, 2026, the parties filed a joint status report in which they represented that HSI's investigation remained ongoing and that no indictment or charges had yet been brought.  (1/2/26 JSR (Dkt. # 42) at 2-3.)  Plaintiffs asked the court to lift the stay of their civil claims.  (*Id.* at 3.)  The Appearing Defendants, however, asked the court to continue the stay for an additional 30-60 days in light of the ongoing investigation and to allow the parties to engage in settlement discussions.  (*Id.* at 3-4.)  The court granted the Appearing Defendants' request, continued the stay for an additional 60 days, and ordered the parties to file a status report by no later than March 3, 2026.  (1/5/26 Order (Dkt. # 43).)

On March 3, 2026, the parties filed a joint status report in which they again represented that the criminal investigation and settlement discussions remained ongoing. (3/3/26 JSR (Dkt. # 44) at 3.)  Plaintiffs again asked the court to lift the stay of their civil claims and the Appearing Defendants again asked the court to continue the stay for an additional 30-60 days in light of the ongoing investigation and settlement discussions. (*Id.* at 3-4.)  The court granted the Appearing Defendants' request in part, extended the stay for an additional 30 days, and ordered the parties to file, by no later than April 2, 2026, a joint status report regarding the status of the investigation and the parties' positions regarding whether the court should lift the temporary stay.  (3/5/26 Order (Dkt. # 46).)  The court ordered the parties to provide briefing if they continued to disagree about whether the stay should remain in place.  (*Id.*)

ORDER - 3

The parties timely filed their joint status report, in which they represent that they still disagree about whether the court should lift the temporary stay.  (4/2/26 JSR.)  The court has reviewed the parties' briefing and considers the issue ripe for decision.

### III.   ANALYSIS

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *CommScope, Inc. of N. Carolina v. Electro Prods., Inc.*, No. C06-0577RSM, 2007 WL 9775629, at *1 (W.D. Wash. Feb. 12, 2007) (quoting *Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995)). "Nevertheless, a court may decide in its discretion to stay civil proceedings when the interests of justice seem to require such action." *Id.* (quoting *Keating*, 45 F.3d at 324). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Courts in this circuit must evaluate the following six factors when determining whether to stay a civil case during a parallel criminal investigation:

> (1) the extent to which the defendant's Fifth Amendment rights are implicated; (2) the plaintiff's interest in proceeding expeditiously with the litigation, and the potential prejudice to plaintiffs of a delay; (3) the burden which any particular aspect of the proceedings may impose on the defendants; (4) the court's convenience in managing its cases, and the efficient use of judicial resources; (5) the interests of non-parties to the civil litigation; and (6) the public's interest in the pending civil and criminal proceedings.

*CommScope*, 2007 WL 9775629, at *2 (citing *Keating*, 45 F.3d at 324-25).  The court considers these factors below.

ORDER - 4

1.      The Appearing Defendants' Fifth Amendment Rights

The Fifth Amendment privilege against self-incrimination does not apply to corporations. *In re Twelve Grand Jury Subpoenas*, 908 F.3d 525, 528 (9th Cir. 2018). As a result, only the two individual Appearing Defendants may invoke the Fifth Amendment.

It is well-settled that "[a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting [their] Fifth Amendment privilege." *Keating*, 45 F.3d at 326.  Parallel criminal and civil proceedings are thus permissible even when those proceedings necessitate invocation of the defendant's Fifth Amendment privilege. *Id.*  This is so even though the trier of fact may draw adverse inferences if a defendant asserts the Fifth Amendment privilege in a civil proceeding. *Id.* (citation omitted).  Furthermore, "courts generally disfavor issuing a stay of civil proceedings in the absence of a criminal indictment." *CommScope*, 2007 WL 9775629, at *2 (compiling cases).

The Appearing Defendants assert, relying on *L.C. v. Gilbert*, that the court should assign the individual defendants' Fifth Amendment concerns a heavy weight when evaluating this factor because the criminal investigation and the civil complaint involve "the same or closely related facts."  (4/2/26 JSR at 6 (quoting *L.C. v. Gilbert*, No. C09-5586BHS, 2010 WL 1641533, at *2 (W.D. Wash. Apr. 21, 2010)).)  *Gilbert*, however, is readily distinguished from this case.  There, the district court granted a motion to stay civil proceedings where the trial date for a parallel criminal prosecution in state court was just ten months away.  *Gilbert*, 2010 WL 1641533, at *2-3; *see also*

ORDER - 5

*Galeana Mendoza v. Pierce Cnty.*, No. C23-6025TMC, 2025 WL 1370671, at \*5 (W.D. Wash. Apr. 30, 2025) (granting stay where there were two parallel criminal matters proceeding in state court).  The case at bar, in contrast, involves no ongoing criminal prosecution.  Instead, this case has far more in common with *S.E.C. v. Sandifur*, No. C05-1631C, 2006 WL 1719920, at \*2-3 (W.D. Wash. June 19, 2006).  There, even though there was a "100%" overlap between the criminal investigation and the conduct alleged in the complaint, the district court denied a motion to stay because the defendant had not been indicted and the "prospect of an indictment" did not "seem certain." *Id.* Here, as in *Sandifur*, the criminal investigation and civil case involve the same underlying conduct, but no indictment has issued against the Appearing Defendants as a result of the investigation and it is unknown whether any indictment is forthcoming.  (*See* 4/2/26 JSR at 3.)  Therefore, the court concludes that the Appearing Defendants' Fifth Amendment concerns are too speculative to justify a continued stay of the civil proceeding.  *See Sandifur*, 2006 WL 1719920, at \*2-3 (so concluding).

> 2.      Plaintiffs' Interest in Expeditious Proceedings

In general, courts find that a plaintiff's interests are prejudiced when a stay would cause a lengthy or indefinite delay in the proceedings.  *See CommScope*, 2007 WL 9775629, at \*3 (compiling cases); *see also Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007) ("[L]engthy and indefinite stays place a plaintiff effectively out of court" and "inherently increase[ ] the risk that witnesses' memories will fade and evidence will become stale" (cleaned up)). As Plaintiffs point out, this case has been pending for over two years and has been stayed

for more than 15 months (*see* 4/2/26 JSR at 4-5), and neither party can estimate when the investigation will conclude (*see generally id*).  As a result, a stay pending the completion of the criminal investigation "would be indefinite at best[.]"  *Priv. Client Fiduciary Corp. v. Chopra*, No. C22- 0436LK, 2023 WL 2969617, at *4 (W.D. Wash. Apr. 17, 2023) (so concluding where it was "entirely unclear how long [the parallel] investigation would take or whether it would result in criminal charges").  Therefore, the court concludes that Plaintiffs' interest in expeditious proceedings weighs in favor of lifting the stay.

                    3.       Possibility of Burdening the Appearing Defendants

The Appearing Defendants assert that they will be burdened if the court lifts the stay because they will be "forced to choose" between asserting their Fifth Amendment rights or waiving their Fifth Amendment rights.  (4/2/26 JSR at 8.)  As noted above, however, the Ninth Circuit has made clear that this concern is insufficient to support a prolonged stay.  *See Keating*, 45 F.3d at 326.  The Appearing Defendants also contend that the "stakes are particularly high" in light of allegations that they sold counterfeit products to the United States military.  (4/2/26 JSR at 8; *see* Compl. ¶¶ 3, 11.)  As a result, according to the Appearing Defendants, these proceedings could implicate national defense and federal contracting concerns and increase the burden of participating in the civil case.  (4/2/26 JSR at 8.)  Because no criminal case has been initiated, however, the court is not convinced.  Accordingly, the court concludes that the possibility that denying a stay will impose undue burdens on the Appearing Defendants is entitled to little weight.

//

//

ORDER - 7

4.    Judicial Economy

The court concludes that judicial economy also favors denying the Appearing Defendants' request to extend the temporary stay.  Because none of the Appearing Defendants have been indicted, staying these proceedings until the criminal investigation concludes would delay the resolution of this case for an indeterminate period of time. The court's interest in clearing its docket and avoiding indefinite delays outweighs the Appearing Defendants' speculative Fifth Amendment concerns.  *See CommScope*, 2007 WL 9775629, at *4 (so holding).  Thus, here, as in *Sandifur*, "[a] denial of the stay at this juncture best serves the [c]ourt's interest in judicial efficiency and its ability to manage its cases." 2006 WL 1719920, at *3

5.    Interests of Non-Parties and the Public

The final two factors also weigh in favor of lifting the stay.  The Appearing Defendants contend, relying again on *Gilbert*, that the public's "interest in protecting constitutional rights and avoiding prejudice in the criminal process" outweighs any interest of non-parties or the public in this civil case.  (4/2/26 JSR at 9.)  As discussed above, however, *Gilbert* involved a parallel state-court criminal prosecution with an approaching trial date, while here it is speculative whether criminal charges will issue at all.  In contrast, Plaintiffs point to a more concrete public interest in resolving infringement claims under the Lanham Act, which "protect[s] the ability of consumers to distinguish among competing producers." *CommScope*, 2007 WL 9775629, at *4 (quoting *Park 'n Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 198 (1985)).  As a

ORDER - 8

result, the court concludes that the interests of non-parties and the public favor allowing this civil action to proceed.

In sum, having considered the relevant factors, the court concludes that the interests of justice do not require the court to further extend the temporary stay of this civil case pending the completion of the parallel criminal investigation.  *See Keating*, 45 F.3d at 324.  Therefore, the court grants Plaintiffs' request to lift the temporary stay.

## IV.   CONCLUSION

For the foregoing reasons, the court LIFTS the temporary stay and DIRECTS the Clerk to issue an initial scheduling order.  The Appearing Defendants are ORDERED to answer or respond to Plaintiffs' complaint no later than **May 21, 2026**.  If circumstances change in the future and an indictment is issued, the Appearing Defendants may move to renew the stay at that time.

Dated this 21st day of April, 2026.

_____
JAMES L. ROBART
United States District Judge

ORDER - 9